UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANTZY MERISIER, )<br>CLERNIDE N. MERISIER, )<br>FRANTZY MERISIER ON BEHALF OF )<br>N.M. (a minor) and Z.M. (a minor) )<br>    Plaintiffs, )<br>)<br>v. )<br>) | Civil Action No. |
| JOSHUA ELLENDER, and )<br>GREGORY MARTELL, individually and )<br>as police officers in the Police Department )<br>of the City of Mansfield )<br>MANSFIELD POLICE DEPARTMENT, )<br>and TOWN OF MANSFIELD, a municipal )<br>corporation, )<br>    Defendants ) | |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### INTRODUCTION

This is an action at law to redress the deprivation of rights under color of statue, ordinance, regulation, custom, or usage of a right, privilege and immunity secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

During all times mentioned in this complaint, Plaintiff were and still are citizens of the United Stated, and resided, and now reside, in the Town of Mansfield, State of Massachusetts. The Plaintiffs, Frantzy Merisier and Clernide N. Merisier are of full age.

At all times mentioned here, Defendants, Joshua Ellender, (hereinafter "Ellender") and Gregory Martell, (hereinafter "Martell") individually and as police officers are employed as police officers for the Town of Mansfield, Massachusetts, and were acting under the color of their official capacity. Specifically their actions were performed under color of these statues and ordinances of the Town of Mansfield, State of Massachusetts.

1

Defendants were the servants, agents and employees of their codefendant, the Town of Mansfield, so that their acts are imputed to the Town of Mansfield.

The claims against the Town of Mansfield and its Police Department arise from the failure to adequately train, supervise and discipline its officers, thereby giving them the message that they could misuse their authority as police officers, and that such conduct would be tolerated or ignored.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343 and 1367 of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

2. Venue properly lies in this jurisdiction pursuant to Section 1391 of Title 28 of the United States Code.

## PARTIES

3. Plaintiff, Frantzy Merisier, at all times relevant hereto, is an individual, currently residing in 2706 Francis Avenue, Mansfield, MA and is an adult competent to bring suit in this court.  Plaintiff is a citizen and resident of the United States and the Commonwealth of Massachusetts and entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

4. Plaintiff, Clernide N. Merisier, at all times relevant hereto, is an individual, currently residing in 2706 Francis Avenue, Mansfield, MA and is an adult competent to bring suit in this court.  Plaintiff is a citizen and resident of the United States and the Commonwealth of Massachusetts and entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

5. Plaintiff, Frantzy Merisier on behalf of N.M, a minor, at all times relevant hereto, is an individual, currently residing in 2706 Francis Avenue, Mansfield, MA. Plaintiff is a citizen and resident of the United States and the Commonwealth of Massachusetts and entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

6. Plaintiff, Frantzy Merisier on behalf of Z.M, a minor, at all times relevant hereto, is an individual, currently residing in 2706 Francis Avenue, Mansfield, MA. Plaintiff is a citizen and resident of the United States and the Commonwealth of Massachusetts and entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

7. Defendant, Police Officer Joshua Ellender, is one of the Mansfield Police Officers who assaulted and abused the Plaintiff located at 50 West Street, Mansfield, MA. He is sued in his individual and official capacities.

8. Defendant, Police Officer Gregory Martell, is one of the Mansfield Police Officers who assaulted and abused the Plaintiff located at 50 West Street, Mansfield, MA. He is sued in his individual and official capacities.

9. Defendant the Mansfield Police Department is located at 50 West Street, Mansfield, within Bristol County, and is the entity having ultimate authority, responsibility and control of and for the oversight.

10. Defendant, the Town of Mansfield, Massachusetts, within Bristol County, and is additionally an entity having ultimate authority, responsibility and control of and for the oversight, decisions affecting and funding of the Mansfield Police Department. This includes the authorization of and for its force of sworn police officers. As such, the City of Mansfield is ultimately responsible for all local policies, procedures, practices, decisions and customs employed by its law enforcement officials, supervisors and officers, including also the ultimate responsibility for the proper hiring, training and supervision of all sworn Police Officers acting under their authority and the color of law. Defendant may be served with process by lawfully affecting same as authorized by law and the applicable rules of this Court.

## STATEMENT OF FACTS

11. On October 5, 2013 the Plaintiff, Mr. Merisier was spending time with his friends in Connecticut before driving to Brockton, MA to attend a children's birthday party.

12. Mr. Merisier remained at this party until approximately 12:45 a.m. on October 6, 2013. It was at this time that he left and proceeded home.
13. Mr. Merisier decided to remain in his vehicle upon arriving home, to listen to a CD, knowing his wife and children were asleep inside.
14. Mr. Merisier was awake the entire time he was in his vehicle that was parked in a private parking lot associated with his building.
15. At about 2:00 am, two police officers approached Mr. Merisier's vehicle and asked him for his license, which he provided.
16. As Mr. Merisier was producing his license, Officer Martell ordered Mr. Merisier to exit the vehicle.
17. Mr. Merisier complied with the order to exit his vehicle and asked the officers why he was being ordered to exit the vehicle.
18. The officer asked where did he live, Mr. Merisier answered and stated his address was the same as on his license.
19. Feeling that he was being harassed, Mr. Merisier then asked the officer for his name and the officer identified himself as Officer Paul Hargadon.
20. The officers returned Mr. Merisier's license but continued to question whether he really lived at the house.
21. Mr. Merisier took out his key and the officers told him to prove that the key opened his house door.
22. Mr. Merisier then started to walk towards the door to the apartment building.
23. Upon entering the common hallway, he opened the front door of the apartment building with his key.
24. Mr. Merisier told the officers that he did not give them permission to enter his home.
25. He further stated that his wife and children were asleep and that they were not to enter.
26. When entering his apartment, Mr. Merisier attempted to shut the door behind him at which point Officer Martell placed his foot between the doorjamb and the door.
27. The officers forced their way into the apartment by pushing the door after Mr. Merisier attempted to shut it.

28. Mr. Merisier demanded that the officers leave and stated that they had no right to enter.
29. Ignoring his demand, the officers went further into Mr. Merisier's home asking to speak to his wife.
30. Mr. Merisier repeatedly asked the officers to leave.  He stated that his wife was asleep and may not be clothed properly and they were not allowed to enter the bedroom.
31. Mrs. Merisier awakened by the noise occurring outside of her bedroom door, came out to see what was happening. She spoke to the officers, and asked them to leave.  The officers refused to leave.
32. The officers asked Mrs. Merisier if she wanted to have her husband removed from the apartment.  She told them that she did not want them to take him and she also asked them to leave her home.
33. While Mrs. Merisier was speaking to the officers, Mr. Merisier went into the bedroom, changed his clothing and removed himself from the situation.
34. The officers then busted through the bedroom door and pushed Mr. Merisier causing him to fall forward and collide with the television and furniture before falling to the floor.
35. Mr. Merisier suffered injuries to his head and back as a result of this violent battery from the officer.
36. During the commotion both N.M. and Z.M., Mr. Merisier's daughters, were awakened from their sleep.
37. Seeing how the police officers were treating their father scared Mr. Merisier's young daughters.
38. N.M, nine (9) years old, who suffers with cancer, started shaking uncontrollably and Z.M. who is four (4) years old, urinated on herself.
39. The officers proceeded to handcuff Mr. Merisier and began to remove him from his home, stating it was not safe for Mrs. Merisier or her children if he stayed at the house and told Mrs. Merisier she could come pick her husband up in two hours.

40. Mrs. Merisier pleaded with the officers to leave her husband alone and leave the apartment.
41. Eventually the officers complied and released Mr. Merisier and vacated the premises.
42. Mr. Merisier visited the Norwood Hospital Emergency Room on October 6, 2013 and was treated for abrasions and lacerations to his head (See Exhibit A – Emergency Room Records).
43. Mr. Merisier has also been treating with a chiropractor to resolve issues with his back resulting from the battery committed by the officers.
44. After Mr. Merisier went to the hospital on October 6, 2013, he went to the police station to obtain a copy of the police report.
45. The officer on duty informed him that there was not a police report filed and that he would have to come back in two days.
46. On or about October 8, 2013, after receiving the police report, Mr. Merisier realized that Officer Joshua Ellender lied about his name on the night of the incident.
47. Officer Ellender identified himself as Officer Paul Haragadon when Mr. Merisier asked for his name.
48. Additionally, Mr. Merisier and his children have been in therapy to resolve the emotional damage that was caused by the officers' unlawful entry and subsequent assault and battery on Mr. Merisier (See Exhibit B – Boston Medical Center Behavioral Health Services Records).
49. At present, Mr. Merisier and his family do not feel safe in their own home.
50. The event that occurred has them terrified and the trauma continues to affect them.
51. Since the incident the children has not been able to sleep through the entire night and Mr. and Mrs. Merisier has gone into depression.
52. Additionally, due to the depression, Mr. Merisier was given increased doses for his anxiety and sleeping medication.

## STATEMENT OF CLAIMS

## COUNT I

## VIOLATION OF 42 U.S.C. § 1983

53. The Plaintiff re-alleges and repeats paragraphs 1 through 52 above, and incorporates them herein by reference.

54. The Defendants, acting under color of law, have deprived the Plaintiffs of rights, privileges and immunities secured by the freedom of speech clause of the First and Fourteenth amendments of the United States Constitution.

55. As a direct and proximate result of such deprivation, the Plaintiffs have suffered financial loss, indignities, humiliation, severe emotional distress and mental anguish.

56. Defendants' act was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

57. Defendants intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful contact.

58. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer.  The facts and circumstances of this case show that Defendant, Officer Ellender's act of pushing Mr. Merisier from behind was clearly unreasonable.

## COUNT II

## VIOLATION OF 42 U.S.C. § 1983

59. The Plaintiff re-alleges and repeats paragraphs 1 through 58 above, and incorporates them herein by reference.

60. Each and every act and omission by Defendants, Joshua Ellender and Gregory Martell, Mansfield Police Department and Town of Mansfield, were done under color and authority of statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts.

61. The Defendants, acting under color of law, have deprived the Plaintiffs of rights, privileges and immunities secured by the freedom of speech clause of the First and Fourteenth amendments of the United States Constitution.

62. The Defendants, acting under color of law, have deprived the Plaintiffs of rights, privileges and immunities secured by the freedom of association clause of the First and Fourteenth amendments of the United States Constitution.

63. As a direct and proximate result of such deprivation, the Plaintiffs have suffered financial loss, indignities, humiliation, severe emotional distress and mental anguish.

64. As a proximate result of Defendant's Officer Joshua Ellender and Officer Gregory Martell excessive force and negligent actions and the consequences immediately caused by it, as hereinabove alleged, Plaintiff Suffered severe emotional distress and mental suffering.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983

65. The Plaintiffs re-allege and repeat paragraphs 1 through 64 above, and incorporate them herein by reference.

66. On or about October 6, 2013, Defendants, without the consent or authority and against the will of the Plaintiff, entered onto the property described as follows: 2706 Francis Avenue, Mansfield, MA 02048.  Defendants forcefully entered the Plaintiffs home after being told numerous times that they were not to enter.

67. Plaintiff told the Defendants that they were trespassing on Plaintiffs property without any right or authority to do so, and without Plaintiff's consent.  Plaintiff further demanded that Defendants leave Plaintiff's home immediately and refrain from any further entry.

## COUNT IV
## VIOLATION OF MASSACHUSETTS DECLARATION OF RIGHTS

68. The Plaintiffs re-allege and repeat paragraphs 1 through 67 above, and incorporate them herein by reference.

69. The Defendants, Joshua Ellender and Gregory Martell, Mansfield Police Department and Town of Mansfield, acting under color of law, have deprived the

Plaintiffs of rights, privileges and immunities secured by the freedom of speech clause of the Massachusetts Declaration of Rights in Massachusetts Constitution.

70. As a direct and proximate result of such deprivation, the Plaintiff has suffered financial loss, indignities, humiliation, severe emotional distress and mental anguish.

## COUNT V
### VIOLATION OF MASSACHUSETTS DECLARATION OF RIGHTS

71. The Plaintiffs re-allege and repeat paragraphs 1 through 70 above, and incorporate them herein by reference.

72. The Defendants, Joshua Ellender and Gregory Martell, Mansfield Police Department and Town of Mansfield, acting under color of law, have deprived the Plaintiffs of rights, privileges and immunities secured by the freedom of association clause of the Massachusetts Declaration of Rights in Massachusetts Constitution.

73. As a direct and proximate result of such deprivation, the Plaintiff has suffered financial loss, indignities, humiliation, severe emotional distress and mental anguish.

## COUNT VI
### VIOLATION OF MASSACHUSETTS DECLARATION OF RIGHTS

74. The Plaintiffs re-allege and repeat paragraphs 1 through 73 above, and incorporate them herein by reference.

75. The Defendants, Joshua Ellender and Gregory Martell, Mansfield Police Department and Town of Mansfield, acting under color of law, have deprived the Plaintiffs of rights, privileges and immunities secured by the equal protection clause of the Massachusetts Declaration of Rights in Massachusetts Constitution.

76. As a direct and proximate result of such deprivation, the Plaintiff has suffered financial loss, indignities, humiliation, severe emotional distress and mental anguish.

## COUNT VII
### ASSAULT AND BATTERY ON PLAINTIFF MERISIER

77. The Plaintiffs re-allege and repeat paragraphs 1 through 76 above, and incorporate them herein by reference.

78. The Defendants, Joshua Ellender and Gregory Martell assaulted and battered Plaintiff Merisier in Mansfield, Massachusetts on October 6, 2013.

79. As a direct and proximate result of the acts of the defendants, Plaintiff Merisier suffered physical injury and pain and suffering, suffered great anxiety and strain, was cause severe emotional distress, was subject to humiliation and suffered other damages.

## COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ON PLAINTIFF MERISIER

80. The Plaintiffs re-allege and repeat paragraphs 1 through 79 above, and incorporate them herein by reference.

81. The conduct of the Defendants, as set forth in part above, was outrageous beyond all bounds of human decency and beyond that which a civilized society would tolerate, and the Defendants knew or should have known that their conduct would inflict severe emotional distress upon the Plaintiff.

82. Plaintiff Merisier in fact suffered severe physical manifestations of mental and emotional distress and other damages as a result of the outrageous conduct of Defendants Ellender and Martell and other Mansfield police officers.

## COUNT VIII
### FALSE ARREST

83. The Plaintiffs re-allege and repeat paragraphs 1 through 82 above, and incorporate them herein by reference.

84. Defendants Ellender and Martell falsely imprisoned the Plaintiff by arresting and holding him without basis against his will.

85. As a direct and proximate result of the acts of the Defendants, Plaintiffs were deprived of their liberty, suffered physical injury and severe emotional distress, were subject to humiliation, and suffered other damages.

## PRAYER FOR RELIEF
## COMPENSATORY DAMAGES

86. The Plaintiffs re-allege and repeat paragraphs 1 through 85 above, and incorporate them herein by reference.

87. Against the Defendants, Mansfield Police Department, Town of Mansfield, all individual Defendants, both jointly and severally, according to the proof presented, in an award for all actual and compensatory damages, including physical, mental, emotional and economic injuries and loss, pain and suffering and resultant physical and mental impairments and disabilities; all injuries, impairments, disabilities and loss, past, present and future, sustained by the Plaintiffs.

WHEREFORE, the Plaintiff requests that this court grant them judgment, jointly and severally against each of the defendants, in such amount as is reasonable and just, plus such costs, attorney's fees, punitive damages and interest as he is entitled by law.

PLAINTIFFS HEREBY INVOKE THEIR RIGHT TO TRIAL BY JURY.

Respectfully Submitted,
For the Plaintiff, Frantzy Merisier,
By his Attorney,


/S/ Shabnam Mashmasarmi
_____
Shabnam Mashmasarmi, Esq.
BBO# 676799
Sheryl R. Furnari, Esq.
BBO# 676929
Mashmasarmi Law
1629 Central Street, Suite 7
Stoughton, MA 02072

11

Tel: 508 846 6021
Fax: 774 678 3023

Dated: August 19, 2014